# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES LEE JONES,

      Petitioner,

vs.                                                                          Civil No. 99-0399 JP/WWD

THE HONORABLE MARIE BACA,
and THE ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

     1. THIS MATTER comes before the Court sua sponte and upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is represented by counsel, was found guilty of driving while intoxicated, first offense. He was sentenced to the first offender program, requiring the DWI School, alcohol screening, counseling as ordered by the program, the victim impact panel, one year of unsupervised probation, and fees and costs. Ex. D at 8.

     2. Petitioner alleges the following grounds for relief:

     (1) The conviction was obtained in violation of due process, a holding of Petitioner incommunicado at the time of his arrest, denying him all opportunity to collect relevant evidence on his own behalf independent of the police investigation, and therefore, denying him a fair trial and fundamental fairness;

     (2) The conviction was obtained in deprivation of rights mandated by State statute and protected by the Fourteenth Amendment to the United States Constitution;

(3) The conviction was affirmed (a) by application of an erroneous "harmless error" standard, (b) with complete failure to hold the State responsible for demonstrating error beyond a reasonable doubt, and (3) a wrongful demand upon Petitioner to show prejudice;

(4) The conviction was affirmed on the ground of "harmless error" without review of the entire record or consideration of inherent prejudice, prejudice per se, a presumption of prejudice, or more than one purpose for the evidence intentionally denied;

(5) The conviction was obtained by admission of breath alcohol evidence which should have been suppressed; and before the New Mexico Court of Appeals affirmed the conviction, it should have considered the strength of the State's case without the State's breath alcohol evidence.

3. I note first that this Court has jurisdiction to hear the petition. The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Hensley v. Municipal Court, 411 U.S. 345, 350 (1973). Mr. Jones is still "subject to various conditions of probation and sentence of the Metropolitan Courts, which could mean jail or other sanctions" upon violation of those conditions. Ex. N (Ord of Pet. for Habeas Corpus) at 2. Thus, custody for jurisdictional purposes continues until July 1, 1999, the end of the one-year deferred sentence, which was required attendance at the First Offender Program. Ex. N at 4; Ex A.[1]

**First Ground**

4. Petitioner alleges violations of fundamental fairness in that he was held "incommunicado" at the time of his arrest and also that he was denied all opportunity to collect relevant evidence on his own behalf independent of the police investigation.

---

[1] Pursuant to an order from the state appeals court, on June 30, 1998 the state district court issued a mandate to the Metropolitan Court to "issue any commitment necessary for the execution of your judgment and sentence." Ex. N at 3. Although there is discussion of a stay on the sentence, see Ex. N. at 3-4, whether it ever issued is of no import here, since jurisdiction presently exists.

5. Mr. Jones' allegations concerning use of a phone are more appropriately brought under a § 1983 claim, since the allegations, even if they had merit, do not challenge his conviction. Allowing the Petitioner to re-file the claim under § 1983, however, would be a foolish waste of judicial resources and Petitioner's money, since I find no merit to the allegations.

6. The relevant New Mexico statute provides a "reasonable opportunity to make three telephone calls beginning not later than twenty minutes after the time of arrival at a police station." N.M.S.A. 1978 § 31-1-5(A) (Repl.Pamp. 1984). The particulars of the state statute do not matter here. Rather, the question is whether Petitioner's *federal* constitutional rights were violated. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(federal habeas corpus court's review is limited to deciding whether a state court conviction violated either the United States Constitution, federal law or treaty); Carlo v. City of Chino, 105 F.3d 493, 497 (9th Cir. 1997). Further, even assuming a federal liberty interest is found, federal law also dictates what due process is given. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, 105 S.Ct. 1487, 1492-93, 84 L.Ed.2d (1985).

7. The crucial question does not concern the right to use a telephone, but whether an arrestee is held incommunicado. The distinction is crucial, because the former situation does not involve enough of a liberty interest to trigger due process protection. See Carlo v. City of Chino, 105 F.3d 493, 496 (9th Cir. 1997). I note that even the state statute doesn't allow "immediate" use, which Petitioner seems to be sanctioning. Mem. at 4.

8. Even if being held "incommunicado" rises to a liberty interest, Petitioner does not fall into that category. The gravamen of his complaint here is that he was not allowed access to a

phone[2] while still in the patrol car. Ex. K at 4. There is no federal right (or state right, for that matter) to place an immediate phone call. Cmp. Carlo at 500 (holding of an arrestee incommunicado without just cause found to be atypical of post-arrest detention and to be a restraint that imposes "significant hardship" where plaintiff in § 1983 action not allowed to make post-booking telephone call until the day following booking).

    9. I also find a lack of any prejudice to Petitioner, regardless of when he was allowed to use the telephone. He was not denied the means to establish a defense or denied counsel. See State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967) (absent prejudice, no basis for release is established by denial of use of a telephone after arrest).

    10. Petitioner next alleges as part of this first ground that he was denied opportunity to collect evidence on his behalf. When the APD (Albuquerque Police Dept.) blood technician arrived to draw a blood sample, Petitioner refused to submit to the test and insisted that he call his own doctor to collect the sample. He now contends that not having his doctor there denied him a fair trial in that the doctor could have provided the observations of a medical expert concerning Mr. Jones' physical condition at the time of his arrest.

    11. In his attempt to rebut the accuracy of the tests administered which led to his arrest for DWI, Petitioner argues in conclusory fashion that tests taken by an independent tester, i.e., the Petitioner's doctor "could have called" into question the accuracy of the state's breath test and established whether Petitioner's blood alcohol content was rising or falling between the time of

---

[2] As discussed later in these findings, Petitioner wanted to call his own doctor to take a blood sample instead of allowing the blood technician from Albuquerque Police Department to draw the sample.

4

driving and time of the breath test. Ex. J at 3. These are conclusory allegations based on evidence that "might have been." Petitioner's proffer of the quintessential "missing witness" is not based on any specific evidence or evidence which is "clear and convincing" evidence, as required under § 2254(d) to rebut the presumed correctness of state court findings.

12. I find that Petitioner's first ground presents no factual or legal basis which suggests that his conviction, or the due process received, was inconsistent with the fundamentals of liberty and justice. Chavez v. Baker, 399 F.2d 943 (10th Cir. 1968), cert. denied, 394 U.S. 950 (1969).

**Second Ground**

13. N.M.S.A. (1978) 66-8-109(B) requires notice to be given to a person undergoing DWI testing of the "right to be given an opportunity to arrange for a physician, licensed professional or practical nurse or laboratory technician or technologist who is employed by a hospital or physician of his own choosing to perform a chemical test in addition to any test performed at the direction of a law enforcement officer."

14. Mr. Jones contends that the statute was violated in that he was not given adequate notice and that he was not allowed to get someone of his own choosing to draw the blood sample. Petitioner cannot obtain relief on this ground, however, because it concerns alleged violations of a state statute, which are not cognizable under federal habeas corpus. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Lujan v. Tansy, 2 F.3d 1031, 1035-36 (10th Cir. 1993).

15. Both the state district court (on appeal from Metropolitan Court) and the state court of appeals dismissed Petitioner's arguments based on the statute, for different reasons. The district court construed the statute to mean that the individual could choose an outside professional to test the sample, not necessarily to collect it. Ex. B at 4 (Mem. Op.,Apr. 21, 1997). The Court of

5

Appeals found that the notice given by Officer Trujillo was adequate. Ex. G at 7-8.[3] It also found that the district court had erred in its interpretion of the statute, but that because the arrest was valid, Mr. Jones' statutory rights were not violated. Ex. G at 1. However, whether either court erred in its findings relative to the statute's construction is not relevant for purposes of Mr. Jones' federal petition. The specific requirements contained with a state statute do not outline the contours of a federal right, since there is no federal right to have a professional of one's choosing either collect a blood sample, or test a sample already collected for purposes of an arrest.

16. Had a blood sample been forcibly obtained from Petitioner, he would then have a viable federal claim. See Winston v. Lee, 470 U.S. 753, 759 (1985) (a compelled surgical intrusion into an individual's body for evidence implicates expectations of privacy and security such that the intrusion may be "unreasonable" even if likely to produce evidence of a crime). This did not happen. No sample was collected after the Petitioner refused to have the APD technician conduct the test. Relief should be denied on this ground.

**Third and Fourth Grounds**

17. Petitioner's third and fourth grounds were never raised on direct appeal, but were raised for the first time in the state habeas petition. In the order denying the state petition for writ of habeas corpus, the state court found that Petitioner was barred from raising them in that proceeding for the first time. Ex. N at 7-11.

18. The procedural default doctrine provides that claims asserted in a federal habeas proceeding may not be addressed if they have been defaulted in state court on independent and

---

[3] The officer had omitted the words "of his own choosing" when advising Petitioner of his rights under the statute.

adequate state procedural grounds, absent a showing of cause and prejudice or fundamental miscarriage of justice. See Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995), cert. denied, 115 S.Ct. 1972 (1995). A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991), cert. denied, 502 U.S. 1110 (1992)).

19. New Mexico courts have "consistently and even handedly applied the rule waiving issues not raised on direct appeal for purposes of post-conviction relief." Jackson v. Shanks, 143 F.3d 1313 (10th Cir. 1998) (as amended on rehearing). Petitioner offered then, and offers now, no showing of any cause and prejudice for the failure to raise the issues on direct appeal, nor for a fundamental miscarriage of justice. Therefore, relief should be denied on these two grounds.

**Fifth Ground**

20. Petitioner argues that evidence of the breath alcohol test should have been suppressed based on the alleged denial of Petitioner's opportunity to collect evidence. I have already discussed the allegations regarding the would-be arsenal of missing evidence, and have found that Petitioner has not raised any suggestion of evidence that could have been brought forward sufficient to rebut the validity and correctness of the findings underlying the state court conviction. Petitioner does not otherwise challenge the validity of the breath tests. See Ex. B (Mem. Op. at 3). Thus, there is no basis upon which to suppress the breath alcohol test.

21. Moreover, there is no basis to revisit whether there was probable cause for Mr. Jones' arrest as a prelude to considering suppression of the breath alcohol test. A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime. See Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995); Tennessee v. Garner 471 U.S. 1,

7

6-8 (1985); N.M.S.A. 1978, § 66-8-125(A) & B).  Based on evidence related to the arresting officer's statements and the results of the field sobriety tests, the state court findings supported the existence of probable cause.  Ex. B (Mem.Op.) at 1-2; Ex. G at 1- 4.

22. Factual findings from state court proceedings are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court may grant habeas relief if, and only if, the "decision" resulting from that adjudication was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or involved an "unreasonable application of" law, or an "unreasonable determination of the facts in light of the evidence" presented at the state level.  § 2254(d).  Petitioner has provided no legal argument or factual basis which would weigh in favor of granting his petition.  Therefore, relief on this basis should also be denied.

## Recommendation

I recommend that the petitioner's application for Writ of Habeas Corpus be denied and that this cause be dismissed with prejudice.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE