# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES LEE JONES,

       Petitioner,

vs.                                                                                                Civil No. 99-0399 JP/WWD

THE HONORABLE MARIE BACA,
and THE ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO.

## MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

     1.  THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is represented by counsel, was found guilty of driving while intoxicated, first offense. He was sentenced to the first offender program, requiring the DWI School, alcohol screening, counseling as ordered by the program, the victim impact panel, one year of unsupervised probation, and fees and costs. Ex. D at 8.

     2.  Petitioner filed objections to the proposed findings and recommended disposition entered June 3, 1999. Based on findings made by the state court on the Jones' habeas petition, I had determined that Petitioner's third and fourth grounds were procedurally defaulted for failure to raise the issues on direct appeal. *Proposed Findings, ¶¶ 17-10.*

     3.  Petitioner correctly points out that these issues could not have been raised on direct appeal, since they are allegations of error made by the court of appeals. Accordingly, the proposed findings are hereby amended. Although the findings are amended only as to grounds three and four, these present findings incorporate the previous proposed findings and

recommendation, which are hereby vacated.

      4. Petitioner alleges the following grounds for relief:

    (1)     The conviction was obtained in violation of due process, a holding of Petitioner incommunicado at the time of his arrest, denying him all opportunity to collect relevant evidence on his own behalf independent of the police investigation, and therefore, denying him a fair trial and fundamental fairness;

        (2)     The conviction was obtained in deprivation of rights mandated by State statute and protected by the Fourteenth Amendment to the United States Constitution;

        (3)     The conviction was affirmed (a) by application of an erroneous "harmless error" standard, (b) with complete failure to hold the State responsible for demonstrating error beyond a reasonable doubt, and (3) a wrongful demand upon Petitioner to show prejudice;

        (4)     The conviction was affirmed on the ground of "harmless error" without review of the entire record or consideration of inherent prejudice, prejudice per se, a presumption of prejudice, or more than one purpose for the evidence intentionally denied;

        (5)     The conviction was obtained by admission of breath alcohol evidence which should have been suppressed; and before the New Mexico Court of Appeals affirmed the conviction, it should have considered the strength of the State's case without the State's breath alcohol evidence.

      5. I note first that this Court has jurisdiction to hear the petition. The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. *Hensley v. Municipal Court*, 411 U.S. 345, 350 (1973). Mr. Jones is still "subject to various conditions of probation and sentence of the Metropolitan Courts, which could mean jail or other sanctions" upon violation of those conditions. *Ex. N* (Ord of Pet. for Habeas Corpus) at 2. Thus, custody for jurisdictional purposes continues until July 1, 1999, the end of the one-year deferred sentence, which was

required attendance at the First Offender Program. *Ex. N at 4*; *Ex A.*[1]

**First Ground**

6. Petitioner alleges violations of fundamental fairness in that he was held "incommunicado" at the time of his arrest and also that he was denied all opportunity to collect relevant evidence on his own behalf independent of the police investigation.

7. Mr. Jones' allegations concerning use of a phone are more appropriately brought under a § 1983 claim, since the allegations, even if they had merit, do not challenge his conviction. Allowing the Petitioner to re-file the claim under § 1983, however, would be a waste of judicial resources and Petitioner's money, since I find no merit to the allegations.

8. The relevant New Mexico statute provides a "reasonable opportunity to make three telephone calls beginning not later than twenty minutes after the time of arrival at a police station." N.M.S.A. 1978 § 31-1-5(A) (Repl.Pamp. 1984). The particulars of the state statute do not matter here. Rather, the question is whether Petitioner's *federal* constitutional rights were violated. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)(federal habeas corpus court's review is limited to deciding whether a state court conviction violated either the United States Constitution, federal law or treaty); *Carlo v. City of Chino*, 105 F.3d 493, 497 (9th Cir. 1997). Further, even assuming a federal liberty interest is found, federal law also dictates what due process is given. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 1492-93, 84 L.Ed.2d (1985).

---

[1] Pursuant to an order from the state appeals court, on June 30, 1998 the state district court issued a mandate to the Metropolitan Court to "issue any commitment necessary for the execution of your judgment and sentence." Ex. N at 3. Although there is discussion of a stay on the sentence, see Ex. N. at 3-4, whether it ever issued is of no import here, since jurisdiction presently exists.

9. The crucial question does not concern the right to use a telephone, but whether an arrestee is held incommunicado. The distinction is crucial, because the former situation does not involve enough of a liberty interest to trigger due process protection. *See Carlo*, 105 F.3d at 496. I note that even the state statute doesn't allow "immediate" use, which Petitioner seems to be sanctioning. *Mem. at 4*.

10. Even if being held "incommunicado" rises to a liberty interest, Petitioner does not fall into that category. The gravamen of his complaint here is that he was not allowed access to a phone[2] while still in the patrol car. *Ex. K at 4*. There is no federal right (or state right, for that matter) to place an immediate phone call. *Cmp. Carlo* at 500 (holding of an arrestee incommunicado without just cause found to be atypical of post-arrest detention and to be a restraint that imposes "significant hardship" where plaintiff in § 1983 action not allowed to make post-booking telephone call until the day following booking).

11. I also find a lack of any prejudice to Petitioner, regardless of when he was allowed to use the telephone. He was not denied the means to establish a defense or denied counsel. *See State v. Gibby*, 78 N.M. 414, 432 P.2d 258 (1967) (absent prejudice, no basis for release is established by denial of use of a telephone after arrest).

12. Petitioner next alleges as part of this first ground that he was denied opportunity to collect evidence on his behalf. When the APD (Albuquerque Police Dept.) blood technician arrived to draw a blood sample, Petitioner refused to submit to the test and insisted that he call his

---

[2] As discussed later in these findings, Petitioner wanted to call his own doctor to take a blood sample instead of allowing the blood technician from Albuquerque Police Department to draw the sample.

4

own doctor to collect the sample. He now contends that not having his doctor there denied him a fair trial in that the doctor could have provided the observations of a medical expert concerning Mr. Jones' physical condition at the time of his arrest.

13. In his attempt to rebut the accuracy of the tests administered which led to his arrest for DWI, Petitioner argues in conclusory fashion that tests taken by an independent tester, i.e., the Petitioner's doctor "could have called" into question the accuracy of the state's breath test and established whether Petitioner's blood alcohol content was rising or falling between the time of driving and time of the breath test. *Ex. J at 3*. These are conclusory allegations based on evidence that "might have been." Petitioner's proffer of the quintessential "missing witness" is not based on any specific evidence or evidence which is "clear and convincing" evidence, as required under § 2254(d) to rebut the presumed correctness of state court findings.

14. I find that Petitioner's first ground presents no factual or legal basis which suggests that his conviction, or the due process received, was inconsistent with the fundamentals of liberty and justice. *Chavez v. Baker*, 399 F.2d 943 (10th Cir. 1968), *cert. denied*, 394 U.S. 950 (1969).

**Second Ground**

15. N.M.S.A. (1978) 66-8-109(B) requires notice to be given to a person undergoing DWI testing of the "right to be given an opportunity to arrange for a physician, licensed professional or practical nurse or laboratory technician or technologist who is employed by a hospital or physician of his own choosing to perform a chemical test in addition to any test performed at the direction of a law enforcement officer."

16. Mr. Jones contends that the statute was violated in that he was not given adequate

5

notice and that he was not allowed to get someone of his own choosing to draw the blood sample. Petitioner cannot obtain relief on this ground, however, because it concerns alleged violations of a state statute, which are not cognizable under federal habeas corpus. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Lujan v. Tansy*, 2 F.3d 1031, 1035-36 (10th Cir. 1993).

17. Both the state district court (on appeal from Metropolitan Court) and the state court of appeals dismissed Petitioner's arguments based on the statute, for different reasons. The district court construed the statute to mean that the individual could choose an outside professional to test the sample, not necessarily to collect it. *Ex. B at 4* (Mem. Op.,Apr. 21, 1997). The Court of Appeals found that the notice given by Officer Trujillo was adequate. *Ex. G at 7-8.*[3] It also found that the district court had erred in its interpretation of the statute, but that because the arrest was valid, Mr. Jones' statutory rights were not violated. *Ex. G at 1*. However, whether either court erred in its findings relative to the statute's construction is not relevant for purposes of Mr. Jones' federal petition. The specific requirements contained with a state statute do not outline the contours of a federal right, since there is no federal right to have a professional of one's choosing either collect a blood sample, or test a sample already collected for purposes of an arrest.

18. Had a blood sample been forcibly obtained from Petitioner, he would then have a viable federal claim. *See Winston v. Lee*, 470 U.S. 753, 759 (1985) (a compelled surgical intrusion into an individual's body for evidence implicates expectations of privacy and security such that the intrusion may be "unreasonable" even if likely to produce evidence of a crime). This

---

[3] The officer had omitted the words "of his own choosing" when advising Petitioner of his rights under the statute.

did not happen. No sample was collected after the Petitioner refused to have the APD technician conduct the test. Relief should be denied on this ground.

**Third and Fourth Grounds**

19. The "error" referred to in the Petition for the third and fourth grounds concerns the state court's interpretation of N.M.S.A. (1978), § 66-8-109. On appeal from the Metropolitan Court decision, the state district court held that the trial court erred in stating that Jones had a statutory right to have blood *drawn* as well as *tested* from a person of his own choosing, and that the statute only provided the right to have the sample tested independently. *See ¶ 15, above*.

20. However, the New Mexico Court of Appeals determined that the district court interpreted the statute incorrectly and found that § 66-8-109 does allow for a person of one's own choosing to both draw and analyze the blood sample. *Ans., Ex. G at 1, 10-11*. Nevertheless, the court found the error to be harmless based on the remedy the trial court gave Jones and the fact that he was thereby not prejudiced by the error. Petitioner argues that the court used the wrong standard of review.

21. Because the alleged error in Grounds Three and Four rests on the interpretation of a state statute, review of that interpretation is not appropriate under federal habeas. Federal habeas corpus review is limited to federal constitutional or statutory law. *See Lujan v. Tansy*, 2 F.2d 1031, 1034 (10th Cir. 1993), *cert denied sub nom. Lujan v. Thomas*, 510 U.S. 1120 (1994); *Bowser v. Boggs*, 20 F.3d 1060, 1064 (10th Cir.), *cert denied*, 513 U.S. 926 (1994) (federal habeas court is not a "'super' state supreme court" (quoting *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1996)).

22. The alleged errors may be reviewed within the limited parameters of a federal

constitutional violation, although not every misapplication of law implicates a constitutional error. *See U.S. v. Harfst*, 168 F.3d 398, 400 (10th Cir. 1999) 1999 WL 71527 (10th Cir. NM) (if district court denies a petition based on a statutory issue, § 2253(c)(2) precludes an appeal). As noted in the initial proposed findings at ¶ 15, the specific requirements contained within § 66-8-109 do not correspond to any cognizable federal right, since there is no federal right to have a professional of one's choosing either collect a blood sample, or independently test a sample already collected for purposes of an arrest.

23. However, erroneous interpretation of state law can violate due process when it is inconsistent with the fundamentals of liberty and justice. *See Chavez*, 399 F.2d 943. Despite deference accorded a state court's interpretation of state law, that interpretation can be such gross error as to result in a denial of fundamental fairness that violates due process. *Melchior v. Jago*, 723 F.2d 486, 491 n.8 (6th Cir. 1983), *cert. denied*, 466 U.S. 952 (1984). I find that no such error occurred here.

24. Jones contends that the court of appeals used the wrong standard in determining that the error was harmless because the state should have had the burden to show that he was not prejudiced. Jones' claim fails because he assumes too much. Although he is correct that the "prosecution must rebut the presumption of prejudice beyond reasonable doubt," *see Manlove v. Sullivan*, 108 N.M. 471 (1989), the presumption arises only when a defendant raises a reasonable possibility of error involving his constitutional rights. *Id.* at 477. This he has not done.

25. The error resulting from the district court's interpretation of the state statute does not offend the principles of fundamental fairness. There is nothing in the state statute's requirements related to whether a person may request independent testing for the drawing or

8

testing of blood, or both, for that matter, which approaches the fundamentals of liberty and justice due process compels. This case in particular not only lacks such a showing of constitutional error, but also, as the court of appeals pointed out, lacks a showing of prejudice to the Petitioner.

26. The state district court noted that the trial court had provided Jones with a major remedy for what it considered to be erroneous interpretation of the statute, although no remedy was required because it was Jones' own decision to refuse to allow the technician to draw his blood. The trial court dismissed the "Aggravated" DWI and instead convicted Jones only of Driving While Intoxicated, which requires only a .08 blood alcohol level -- less than one-half of the .17 that the Intoxilyzer test showed. *Ex. B (Mem.Op. & Order 4/21/97 at 5)*.

27. From the above discussion, it should be clear that the failure to allow Jones the opportunity to have his blood drawn by a person of his own choosing had no effect on his conviction. Given the remedy afforded by the trial court (dismissal of Aggravated DWI), this is not a case where additional testing could have put Jones just under the legal limit. *Ex. G at 15*. Rather, as the district court noted, "any blood drawn from Jones would have had to have been at a level less than .08; that is, the Intoxilyzer 5000 would have had to have exceeded a 100% error rate in order for acquittal on this ground." *Ex. B at 5*. Given this scenario, I find that there is no basis for Petitioner's contention that the affirmance of the conviction was based on an incorrect standard.

28. Jones also argues that the court of appeals did not consider the entire record. I find no merit to this allegation either. In examining the possibility of any prejudice to Petitioner, the appeals court called upon the facts of the case to support its findings. The court cited to Jones' failing three separate field sobriety tests; the smell of alcohol on his breath; breath alcohol content

9

measuring .17 on two separate tests; and Jones' admission that he had had two alcoholic drinks. *Ex. G at 14*. The court held that Petitioner failed to show any prejudice by the violation of his statutory right to an independent chemical test because he presented "neither evidence nor argument" that his own test would have demonstrated an error which would have mandated acquittal. *Ex. G at 15*.

29. Similarly, here Petitioner presents no evidence nor argument of any part of the record which the state court of appeals failed to review which would leave a question as to the integrity of its decision or the denial of any of Petitioner's federal constitutional rights.

**Fifth Ground**

30. Petitioner argues that evidence of the breath alcohol test should have been suppressed based on the alleged denial of Petitioner's opportunity to collect evidence. I have already discussed the allegations regarding the would-be arsenal of missing evidence, and have found that Petitioner has not raised any suggestion of evidence that could have been brought forward sufficient to rebut the validity and correctness of the findings underlying the state court conviction. Petitioner does not otherwise challenge the validity of the breath tests. *See Ex. B (Mem. Op. at 3)*. Thus, there is no basis upon which to suppress the breath alcohol test.

31. Moreover, there is no basis to revisit whether there was probable cause for Mr. Jones' arrest as a prelude to considering suppression of the breath alcohol test. A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995); *Tennessee v. Garner* 471 U.S. 1, 6-8 (1985); N.M.S.A. 1978, § 66-8-125(A) & (B). Based on evidence related to the arresting

officer's statements and the results of the field sobriety tests, the state court findings supported the existence of probable cause. *Ex. B (Mem.Op.) at 1-2*; *Ex. G at 1- 4*.

32. Factual findings from state court proceedings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court may grant habeas relief if, and only if, the "decision" resulting from that adjudication was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or involved an "unreasonable application of" law, or an "unreasonable determination of the facts in light of the evidence" presented at the state level. § 2254(d). Petitioner has provided no legal argument or factual basis which would weigh in favor of granting relief on this last claim.

## Recommendation

The proposed findings and recommendation entered by the Court on June 3, 1999 **[docket # 9]** are hereby VACATED and are SUPERSEDED by these findings and recommendation. I recommend that the Petitioner's application for Writ of Habeas Corpus be denied and that this cause be dismissed with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE